Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual, | Case No. |
| Plaintiff, | COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | Jury Trial Demanded |
| US LA HOME REMODELING, INC., a California corporation; and DOES 1-10, | |
| Defendants. | |

Plaintiff Brandon Vogts hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. Vogts is a Los Angeles-based photographer specializing in residential and commercial interiors, luxury real estate, and architecture.

5. Upon information and belief, Plaintiff alleges that Defendant US LA HOME REMODELING, INC. ("ULHR") is a California corporation with its primary place of business located at 6241 Kenwater Avenue, Woodland Hills, CA 91367. Plaintiff further alleges that ULHR owns, operates, and/or controls the website uslaremodeling.com and its related/affiliated subdomains, mobile websites, and applications, including but not limited to yelp.com/biz_photos/us-la-home-remodeling-los-angeles (collectively, "ULHR's Websites").

6. Upon information and belief, Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with ULHR, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, and at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

1 **CLAIMS REGARDING THE SUBJECT PHOTOGRAPH**

2   8.   Vogts took and owns an original photograph registered with the U.S. Copyright Office under Reg. No. VA 2-080-940 (the "Subject Photograph").

   9.   Upon information and belief, following the publication and display of the Subject Photograph, Defendants, and each of them, copied, stored, distributed, reproduced, created derivative works of, displayed, and/or otherwise exploited the Subject Photograph on ULHR's Websites for commercial purposes without a license, authorization, or consent from Vogts (collectively, the "Accused Posts"). The Subject Photograph and screen captures of the Accused Posts are set forth below:



| Subject Photograph | Accused Posts |
|---|---|

20160914_9551_Cherokee_012

**FIRST CLAIM FOR RELIEF**

(**For Copyright Infringement – Against All Defendants**)

   10.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

11. Upon information and belief, Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's website and social media accounts; Internet search engines or third-party websites; and/or because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photograph.

12. Upon information and belief, Plaintiff alleges that Defendants, and each of them, copied, stored, distributed, published, reproduced, created derivative works of, displayed, and/or otherwise used the Subject Photograph on ULHR's Websites for commercial purposes without a license, authorization, or consent from Plaintiff.

13. To the extent Defendants exploited the Accused Posts (and/or any/all other copies of the Subject Photograph) more than three years before the filing of this case, Vogts did not know, and had no reason to know, of such exploitation(s).

14. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to their infringement in an amount to be established at trial.

16. Upon information and belief, Defendants committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, or in reckless disregard for or willful blindness to Plaintiff's rights, such that said acts of copyright infringement were willful, intentional, and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

 a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined

from using the Subject Photograph in any manner that infringes Plaintiff's copyrights in the same;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 11, 2023

DONIGER/BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
Attorneys for Plaintiff